**United States Bankruptcy Court**
**District of Colorado**

**IN RE:**  Case No. **10-34595-SBB**
**Ogata, Tamiko Elizabeth**  Chapter **13**
Debtor(s)

### AMENDED CHAPTER 13 PLAN INCLUDING VALUATION OF COLLATERAL AND CLASSIFICATION OF CLAIMS

**Date of Plan: November, 2010**

**CHAPTER 13 PLAN:** This chapter 13 plan dated November, 2010 supersedes all previously filed plans.

**\*\*Denotes changes to previously filed plan.**

**NOTICE TO CREDITORS:** THIS PLAN MAY MODIFY YOUR RIGHTS. If you oppose any provision of the plan you must file an objection with the bankruptcy court by the deadline fixed by the court. (Applicable deadlines given by separate notice.) If you do not file a timely objection, you will be deemed to have accepted the terms of the plan, which may be confirmed without further notice or hearing.

**MOTIONS FOR VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. § 506** (Check any applicable box(s)):

☐ This plan contains a motion for valuation of *personal property* collateral and determination of secured status under 11 U.S.C. § 506.

☐ The debtor is requesting a valuation of *real property* collateral and determination of secured status under 11 U.S.C. § 506 by separate motion filed contemporaneously with this plan.

*or*

☐ This plan contains a provision modifying the value of *real property* collateral under 11 U.S.C. § 506 in accordance with a previously filed motion or a prior order of this Court. List the date of any previously filed motions, the status of the motions (granted, objections pending, objections resolved) and any corresponding docket numbers:

_____

**SECURED CLAIMS SUBJECT TO VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. § 506** (additional detail must be provided at Part IV of the plan):

| Name of Creditor | Description of Collateral (pursuant to L.B.R. 3012-1) |
|---|---|
|  |  |

### I. BACKGROUND INFORMATION

**A.** Prior bankruptcies pending within one year of the petition date for this case:

| Case No. & Chapter | Discharge or Dismissal / Conversion | Date |
|---|---|---|
| **None** |  |  |

**B.** The debtor(s): ☒ is eligible for a discharge; or
☐ is not eligible for a discharge and is not seeking a discharge.

C. Prior states of domicile: within 730 days **N/A**
within 910 days **N/A**.

The debtor is claiming exemptions available in the state of **Colorado** or ☐ federal exemptions.

D. The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. § 101(14A). Notice will/should be provided to these parties in interest:
E.
1. Parent **N/A**

2. Government **N/A**

3. Assignee or other **N/A**

The debtor ☐ has provided the Trustee with the phone number of the Domestic Support Obligation recipient or ☒ cannot provide the phone number because it/they is/are not available.

F. The current monthly income of the debtor, as reported on Interim Form B22C is: ☒ below ☐ equal to or ☐ above the applicable median income.

## II. PLAN ANALYSIS

### A. Total Debt Provided for under the Plan and Administrative Expenses

| | |
|---|---:|
| 1. Total Priority Claims (Class One) | |
| a. Domestic Support Obligation | $ 0 |
| b. Unpaid attorney's fees | $ 2,294 |
| (Total attorney's fees and costs are estimated to be $ **4,500** of which $ **1,906** has been prepaid.) | |
| c. Unpaid attorney's costs (estimate) | $ 300 |
| d. Total Taxes | $ **555 |
| Federal: $ **0** ; State: $ **555 . | |
| e. Other | $ 0 |
| 2. Total of payments to cure defaults (Class Two) | $ 0 |
| 3. Total payment on secured claims (Class Three) | $ 0 |
| 4. Total of payments on unsecured claims (Class Four) | $ **24,862 |
| 5. Sub-Total | $ **28,011 |
| 6. Total trustee's compensation (10% of debtor's payments) | $ **2,801 |
| 7. Total debt and administrative expenses | $ **30,812 |

### B. Reconciliation with Chapter 7

**THE NET PROPERTY VALUES SET FORTH BELOW ARE LIQUIDATION VALUES RATHER THAN REPLACEMENT VALUES. THE REPLACEMENT VALUES MAY APPEAR IN CLASS THREE OF THE PLAN.**

1. Assets available to Class Four unsecured creditors if Chapter 7 filed
   a. Value of debtor's interest in non-exempt property        $ 828

| Property | Value | less Costs of Sale | less Liens | x Debtor's Interest | less Exemptions | = Net Value |
|---|---|---|---|---|---|---|
| **Camping Equipment** | **150** | **15** | **0** | **100%** | | **135** |
| **Credit Union of Denver** | **5** | **0** | **0** | **100%** | **75%** | **1** |
| **1st Bank North** | **1** | **0** | **0** | **100%** | **75%** | **0** |
| **1st Bank** | **1** | **0** | **0** | **100%** | **75%** | **0** |
| **Wells Fargo** | **150** | **0** | **0** | **100%** | **75%** | **38** |
| **Credit Union of Denver** | **5** | **0** | **0** | **100%** | **75%** | **1** |
| **Credit Union of Denver** | **5** | **0** | **0** | **100%** | **75%** | **1** |
| **4 year increase in life insurance** | **652** | **0** | **0** | **100%** | | **652** |

b. Plus: value of property recoverable under avoiding powers        $ 1,000

($1,000 payment from Zabet Ghan, reconciled; *$600 payment to Advance America, not included in

reconciliation)
c. Less: estimated Chapter 7 administrative expense        $ 242
d. Less: amounts payable to priority creditors other than costs of administration        $ **555

  e. Equals: estimated amount payable to Class Four creditors if Chapter 7 filed   $ **1,031**
   (if negative, enter zero)
 2. Estimated payment to Class Four(a) unsecured creditors under the Chapter 13 Plan   $ **\*\* the lesser of 100% of timely filed unsecured claims or $24,862.**
   plus any funds recovered from "other property" described in Section II.A.3 below.

## III. PROPERTIES AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

**A.** The debtor submits to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the Plan, including:

 1. Future earnings of **$88** per month for months **\*\*1-2**, **\*\*$462** per month for months **\*\*3-39**, and **\*\*$647** a month for months **\*\*40-60** which shall be paid to the trustee for a period of approximately **60** months, beginning **10/15/2010**.

| Amount | Number of Months | Total |
|---|---|---|
| $88 | **2 | **$176 |
| **$462 | **37 | **$17,094 |
| **$647 | **21 | **$13,587 |
| | Total: | **$30,857 |

 2. Amounts necessary for the payment of Class Five claims included in above   $ **0**
 3. Other property (specify): **Trustee's net recovery of preferences, if any.**

*AT THE TIME THE FINAL PLAN PAYMENT IS SUBMITTED TO THE TRUSTEE, THE DEBTOR SHALL FILE WITH THE COURT THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS REQUIRED BY 11 U.S.C. § 1328(a) AND, IF NOT ALREADY FILED, INTERIM FORM B23 REGARDING COMPLETION OF FINANCIAL MANAGEMENT INSTRUCTION REQUIRED BY 11 U.S.C. § 1328(g)(1).*

**B.** Debtor agrees to make payments under the Plan as follows:
☒ DIRECT PAYMENT: From Debtor to Trustee
☐ VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:

## IV. CLASSIFICATION AND TREATMENT OF CLAIMS

*CREDITOR RIGHTS MAY BE AFFECTED. A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THIS PLAN. CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN ORDER TO RECEIVE THE APPLICABLE PAYMENTS.*

**A. Class one – Claims entitled to priority under 11 U.S.C. § 507.** Unless other provision is made in paragraph V.(C), each creditor in Class One shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that the payments to the Trustee shall be made by deduction from each payment made by the debtor to the Trustee) as follows:

 1. Allowed administrative expenses
  (a) Trustee's compensation of (10% of amounts paid by debtor under Plan)   $ **\*\*2,801**
  (b) Attorney's Fees (estimated and subject to allowance)   $ **2,294**
  (c) Attorney's Costs (estimated and subject to allowance)   $ **300**
 2. Other priority claims to be paid in the order of distribution provided by 11 U.S.C. § 507 (if none, indicate)   $ **\*\*555**
  a. Domestic Support Obligations: **A proof of claim must be timely filed in order for the Trustee to distribute amounts provided by the plan.**
   ☐ Priority support arrearage: Debtor owes past due support to _____ in the total amount of $ _____ that will be paid as follows:
   ☐ Distributed by the Trustee pursuant to the terms of the Plan; or
   ☐ Debtor is making monthly payments via a wage order ☐ or directly ☐ (reflected on Schedule I or J) in the amount of $ _____ to _____. Of that monthly amount, $ _____ is for current support payments and $ _____ is to pay the arrearage.
   ☐ Other: For the duration of the plan, during the anniversary month of confirmation, the debtor shall file with the Court and submit to the Trustee an update of the required information regarding Domestic Support Obligations and the status of required payments.
  b. Federal Taxes   $ **0**
  c. State Taxes   $ **\*\*555**
  d. Other Taxes (describe):
   **None**   $ **0**

    e.  Other Class One Claims (if any) (describe):
**None** $ _____ **0**

**B. Class Two – Defaults**

**1. Class Two A (if none, indicate) – Claims set forth below are secured only by an interest in real property that is the debtor's principal residence**. Defaults shall be cured and regular payments shall be made.

| Creditor | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per month to be Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|---|
| BAC Home Loans Servicing (Mortgage) | n/a | n/a | n/a | n/a | $1,501 | 10/1/10 |
| Westbrook Community Association, Inc (HOAs) | n/a | n/a | n/a | n/a | $47 | 10/1/10 |

**2. Class Two B (if none, indicate) – Pursuant to 11 U.S.C. § 1322(b)(5), secured (other than claims secured only by an interest in real property that is the debtor's principal residence) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due.** Defaults shall be cured and regular payments shall be made:

| Creditor | Collateral | Total Default Amount to be Cured* | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per month to be Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|---|---|
| None | | | | | | | |

\* The lesser of this amount or the amount specified in the Proof of Claim.

**3. Class Two C – Executory contracts and unexpired leases**. Executory contracts and unexpired leases are rejected, except the following which are assumed:

| Other Party to Lease or Contract | Property, if any, Subject to the Contract or Lease | Total Amount to Cure, if any | No. of Months to Cure | Regular Monthly Payment Made Directly to Creditor | Date of First Payment |
|---|---|---|---|---|---|
| None | | | | | |

*IN THE EVENT THAT DEBTOR REJECTS THE LEASE OR CONTRACT, CREDITOR SHALL FILE A PROOF OF CLAIM OR AMENDED PROOF OF CLAIM REFLECTING THE REJECTION OF THE LEASE OR CONTRACT WITHIN 30 DAYS OF THE ENTRY OF THE ORDER CONFIRMING THIS PLAN, FAILING WHICH THE CLAIM MAY BE BARRED.*

**C. Class Three - All other allowed secured claims (other than those designated in Classes Two A and Two B above) shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply as follows:**

1. **Secured claims subject to 11 U.S.C. § 506 (Real Property):** In accordance with Fed. R. Bankr. P. 3012, 7004 and L.B.R. 3012-1, the debtor has filed and served a separate motion for valuation of collateral and determination of secured status under 11 U.S.C. § 506 as to the *real* property and claims listed on page 1 of this plan and below.  The debtor is requesting an order that the value of the collateral is zero ($0) and the creditor's claim is unsecured.  The plan is subject to the court's order on the debtor's motion.  If the court grants the debtor's motion, the creditor will have an unsecured claim in either the amount of the debt as listed in the debtor's schedules or on any allowed proof of claim filed by the creditor (whichever is greater).  The creditors listed on page 1 and below shall retain the liens securing theic laims *until discharge under 11 U.S.C. § 1328 or payment in full.*

| Name of Creditor | Description of Collateral (pursuant to L.B.R. 3012-1) | Amount of Debt | Proof of Claim |
|---|---|---|---|
| None | | | |

2. **Secured claims subject to 11 U.S. C. § 506 (Personal Property):** The debtor **moves** the court, through this chapter 13 plan, for a valuation of collateral and determination of secured status under 11 U.S.C. § 506 regarding the *personal* property and claims below.  The following creditors shall retain the liens securing their claims *until discharge under 11 U.S.C. § 1328 or payment in full under nonbankruptcy law,* and they shall be paid the amount specified which represents the lesser of:

a.  the value of their interest in collateral or
b.  the remaining balance payable on the debt over the period required to pay the sum in full.

Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any secured claim with a value of $0 shall be treated as a general unsecured claim.

| Creditor | Description of Collateral | Specify Treatment (select a or b in paragraph 2 above) | Debtor's Contention of Value (replacement value) | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**3. Secured claims to which 11 U.S.C. § 506 shall not apply (personal property).** The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full:

| Creditor | Collateral | Amount of Debt as Scheduled | Interest Rate | Total Amount Payable |
|---|---|---|---|---|
| **None** |  |  |  |  |

4. **Property being surrendered:** The debtor surrenders the following property securing an allowed secured claim to the holder of such claim:

| Creditor | Description of Collateral | Anticipated Date of Surrender |
|---|---|---|
| **None** |  |  |

Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan. With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim or an amended proof of claim to take into account the surrender of the property.

5. **Adequate Protection**: The following creditor(s) shall receive payments in the nature of adequate protection pursuant to L.B.R. 2083-1, if applicable, or upon confirmation of the plan as follows:

| Creditor | Collateral | Adequate Protection Payment Paid Through the Trustee | Adequate Protection Payment Paid By the Debtor(s) | Number of Months Until Regular Payments Under Plan |
|---|---|---|---|---|
| **None** |  |  |  |  |

☒ None
**IF DEBTOR IS PROPOSING TO MODIFY THE RIGHTS OF CREDITORS IN CLASS TWO AND/OR THREE, DEBTOR MUST SPECIFICALLY SERVE SUCH CREDITOR IN THE MANNER SPECIFIED IN FED.R.BANKR.P. 9014 AND 7004.**

**D. Class Four – Allowed unsecured claims not otherwise referred to in the Plan**. Class Four Claims are provided for in an amount not less than the greater of:

   1. The amount necessary to meet the best interests of creditors pursuant to 11 U.S.C. § 1325(a)(4) as set forth in Part II; or
   2. Total disposable income for the applicable commitment period defined by 11 U.S.C. § 1325(b)(1)-(4).

   The monthly disposable income of $ **0** has been calculated on Form B22C (Chapter 13). Total disposable income is $ **0** which is the product of monthly disposable income of $ **0** times the applicable commitment period of **60 months**.

   a. ☒ ** Class Four claims are of one class and shall be paid pro rata the sum of **the lesser of 100% of timely filed unsecured claims or $24,862** and shall be paid all funds remaining after payment by the Trustee of all prior classes or;
   A timely filed claim, found by the Court to be non-dischargeable pursuant to 11 U.S.C § 523(a)(2), (4), or (6) will share in the distribution to Class Four.  Collection of the balance is stayed until the case is dismissed, converted to a Chapter 7 or discharge enters, unless otherwise ordered.

**E. Class Five (if none, indicate) – Post-petition claims allowed under 11 U.S.C. § 1305.** Post-petition claims allowed under § 1305 shall be paid as follows:

None

## V. OTHER PROVISIONS

**A.** Payment will be made directly to the creditor by the Debtor(s) on the following claims:

| Creditor | Collateral, if any | Monthly Payment Amount | No. of Months to Payoff |
|---|---|---|---|
| **Credit Union of Denver** | **2005 Ford Explorer** | **$385** | **39** |

**B.** The effective date of this Plan shall be the date of entry of the Order of Confirmation.

**C. Order of Distribution**:

1. ☒ The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in Classes Three, Four, and Five (strike any portion of this sentence which is not applicable). The amounts to be paid to the Class Three creditors shall be paid in full before distributions to creditors in Classes Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed.R.Bankr.P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above in the manner specified in Section IV.

2. ☐ Distributions to classes of creditors shall be in accordance with the order set forth above, except:

**D. Motions to Void Liens under 11 U.S.C. § 522(f)**. In accordance with Fed.R.Bankr.P. 4003(d), the debtor intends to file or has filed, by separate motion served in accordance with Fed.R.Bankr.P. 7004, a motion to void lien pursuant to 11 U.S.C. § 522(f) as to the secured creditors listed below:

| Creditor | Collateral | Date Motion to Void Lien Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
| **None** | | | |

**E. Student Loans**:
☒ No student loans
☐ Student loans are to be treated as follows:

**F. Restitution**:
☒ No restitution owed
☐ Debtor owes restitution in the total amount of $ _____ which is paid directly to in the amount of $ _____ per month for a period of ____ months.
☐ Debtor owes restitution to be paid as follows:

**G. Other (list all additional provisions here)**:
1. The following executory contracts and unexpired leases are assumed pursuant to the specified terms and conditions: N/A. All executory contracts and unexpired leases not expressly assumed are rejected.

2. The following claims are excluded and are not provided for by the Plan: N/A.

3. The effective date of this Plan shall be the date of entry of the Order Confirming this Plan.

4. Unless otherwise specifically provided herein, distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed.R.B.P. 3002 and 3004. If a Proof of Claim for a tax entity is less than the amount in the Plan, the Trustee shall pay according to the Proof of Claim and any remaining funds shall be distributed, pro-rata, to Class Four Creditors.

5. Secured creditors set forth in the Plan do not need to file a proof of claim in order to receive distribution. However, if a claim is listed in the Plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution of the Plan.

6. Rules 3002, 3004, and 3021 of the Federal Rules of Bankruptcy Procedure apply to distributions made by the Trustee pursuant to this Plan. A proof of claim for an unsecured or priority creditor must be filed within the time set forth by these rules in order to be allowed and for the creditor to receive the distribution set forth in the plan. Tardily filed unsecured or priority claimants will receive nothing, except by separate motion and order. This plan does not constitute a formal or informal proof of claim. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee unless an itemized proof of claim for any deficiency is filed within one-hundred eighty (180) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay.

7. An objection to confirmation of this Plan must be filed in order to dispute the status or claim amount of any creditor as specifically set forth herein. Pursuant to 11 U.S.C. 1326 and 1327, this plan shall bind the parties, and the trustee shall distribute in accordance with the Plan.

8. **NOTICE OF PLAN AMENDMENTS:** Notice of pre-confirmation plan amendments shall be served upon affected parties, the Trustee and parties who have entered their appearance.

9. **RELIEF FROM STAY:** In the event relief from stay enters for the benefit of a Class 2 or Class 3 creditor, then the subject property shall be deemed surrendered under paragraph 4(b)

10. **NOTIFICATION OF BILLING CHANGES:** Class 1, 2, or 3 creditors wishing to notify debtors of post-petition changes of monthly payments, escrow balances, payment addresses or of delinquent post-petition payments should direct correspondence directly to debtors. Confirmation of this plan shall constitute consent by the Debtors to receive regular monthly statements or invoices as well as notices of changes in payment addresses from Class 1, 2, or 3 creditors.

11. If a creditor files a proof of claim alleging a security interest in personal property other than a vehicle, and for which claim is not presently and expressly provided for under Class 2 or Class 3 of the plan, and if the creditor fails to object timely to confirmation of the plan, the creditors claim will be deemed to have an allowed secured claim of $0 pursuant to 11 U.S.C. Section 506, and the claim will be deemed unsecured. This provision does not apply to creditors secured by an interest in real property.

12. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 and 3002.

13. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case unless such provisions relate to claims secured by liens on real property retained by the Debtor(s).

14. The Bankruptcy Court may retain jurisdiction during the pendency of the Chapter 13 case to adjudicate charges and/or fees which the holder and/or servicer of the claims secured by the liens on real property asserts have accrued since the filing of Debtor(s) voluntary petition if the property is retained by the Debtor(s).

15. NOTICE OF FINAL CHAPTER 13 CURE PAYMENT.
    1. Within 30 days of making the final payment of any cure amount made on a claim secured by a security interest in the debtor's real property, the trustee in a chapter 13 case shall file and serve upon the claimant of record, the claimant's counsel, the debtor, and the debtor's counsel a notice stating that the amount required to cure the default has been paid in full.
    2. If the debtor contends that the final cure payment has been made and the trustee does not file and serve the notice within the specified time period, the debtor may file and serve upon the claimant of record, claimant's counsel, last known servicer and the trustee a notice stating that the amount required to cure the default has been paid in full.

16. MOTION TO DEEM PRE-PETITION ARREARS CURED.
    1. Within 30 days of service of the notice, the debtor may file a Motion to Deem Pre-Petition Arrears Cured and a Notice of Opportunity for a Hearing pursuant to L.B.R. 202. The Notice shall provide 30 days, plus three days for mailing, for the claimant of record to respond. Debtor shall serve the Motion and Notice upon the Chapter 13 trustee, the claimant of record and the claimant's counsel.

2. If the claimant of record objects to the Motion to Deem Pre-Petition Arrears Current, it shall file with its objection a statement of the outstanding pre-petition arrears or any other payment to be paid through the Chapter 13 Plan, including attorneys' fees and costs with supporting documentation.
3. If the claimant of record does not object, the court shall enter an order that all pre-petition amounts required by the underlying agreement and applicable non-bankruptcy law in connection with the security interest have been paid in accordance with the Chapter 13 Plan and as of the date the Verified Motion to Deem Pre-Petition Arrears Cured was filed.

17. MOTION TO DEEM LOAN CURRENT.
    1. Prior to discharge, the debtor may file a Verified Motion to Deem Loan Current and Notice of Opportunity for Hearing pursuant to L.B.R. 202.  The Notice shall provide 30 days, plus three days for mailing, for the claimant of record to respond.  Debtor shall serve the Motion and Notice upon the claimant of record, claimant's counsel, last known servicer and the trustee.
    2. If the claimant of record or Trustee, should Trustee pay post-petition amounts pursuant to the plan, objects to the Motion to Deem Loan Current, it shall file with its objection a statement of past due amounts, including attorneys' fees and costs with supporting documentation.
    3. If the claimant of record does not object, the court shall enter an order that all post-petition amounts required by the underlying agreement and applicable non-bankruptcy law in connection with the security interest have been paid as of the date the Verified Motion to Deem Loan Current was filed.

18. COMPLIANCE WITH SECTION 524(i).
    1. For purposes of establishing a cause of action under 11 U.S.C. §524(i), confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to:
        1. Apply the payments received from the trustee to the pre-petition arrearages, if any, and only to such arrearages unless the confirmed plan states otherwise;
        2. To apply the post-petition mortgage payments, whether paid by the trustee or paid directly by the debtor(s) to the oldest, post-petition month due, whether such payments are immediately applied to the loan or placed into some type of suspense account;
        3. To notify the debtor(s) of any changes in the interest rate for an adjustable rate mortgage which result in changes in the monthly payment and the effective date of the adjustment;
        4. To notify the debtor(s) of any change that would either increase or reduce the escrow portion of the monthly mortgage payment, the resulting changes in the monthly mortgage payment and the effective date of the adjustment.
    2. For purposes of bankruptcy accounting and Regulation X of RESPA the pre-petition arrears will be treated as current, subject to and contingent on completion of the plan, so as to preclude imposition of any default-related fees and services based solely on any pre-petition default.  This obligation will have no force or effect if the case is dismissed or converted.

19. **OTHER** (specify):**Paragraph Deleted

## VI.  REVESTMENT OF PROPERTY IN DEBTOR
All Property of the estate shall vest in the debtor at the time of confirmation of this Plan.

## VII. INSURANCE
Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will ☒ will not ☐ (check one) be obtained and kept in force throughout the period of the Plan.

| Creditor to Whom this Applies | Collateral Covered | Coverage Amount | Insurance Co., Policy No., Agent, Address, Telephone No. |
|---|---|---|---|
| Credit Union of Denver | 2005 Ford Explorer | Full | State Farm Insurance, 063-0860-C30-06E, Vance Yoshikawa, 4350 Wadsworth Blvd, Ste 420, Wheat Ridge, CO 80033, 303-421-6888 |

☒ Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

**VIII. POST-CONFIRMATION MODIFICATION**
The debtor shall file and serve upon all parties in interest a modified plan which will provide for allowed priority and allowed secured claims which were not filed and/or liquidated at the time of confirmation. The value of property to satisfy 11 U.S.C. § 1325(a)(4) may be increased or reduced with the modification if appropriate. The modification will be filed no later than one year after the petition date. Failure of the debtor to file the modification may be grounds for dismissal.

Case:10-34595-SBB   Doc#:12   Filed:11/23/10   Entered:11/23/10 12:36:34   Page9 of 10

Dated: 11/17/2010

/s/ Tamiko Ogata
Signature of Debtor

Dated:

Signature of Spouse (if applicable)

**GEORGE T. CARLSON & ASSOCIATES**

Dated: **11/23/2010**

**/s/ Elizabeth A. Cocat**
Signature of Attorney
George T. Carlson, #1222
Ellen R. Welner, #9239
David C. Hoskins, #11348
Elizabeth A. Cocat, #42520
Attorneys for Debtor(s)
4219 South Broadway
Englewood, CO  80113
(303) 789-1313